## FISHER et al. v. CLARK et al.

Circuit Court of Appeals, Second Circuit.
November 1, 1927.

No. 36.

**1. Estoppel ⬅58—Persons claiming estoppel must show they were misled to their prejudice.**

To support claim of estoppel, it is necessary to show that persons claiming it were misled to their prejudice.

**2. Brokers ⬅38(4)—Evidence of rules of Stock Exchange and of failure of pledgees to obtain ruling on right to withhold stock held immaterial, in customers' action against pledgee of brokers for conversion.**

In action for conversion by brokers' customers against pledgee of stock from brokers, evidence as to rules of Stock Exchange in force at time of transactions, and failure of pledgees to obtain ruling as to right to withhold delivery on demand, held immaterial.

**3. Brokers ⬅38(4)—Evidence of punishment of brokers by Stock Exchange for failure to deliver stock held immaterial, in customer's action for conversion against brokers' pledgee.**

In action for conversion by customers of brokers against persons to whom brokers pledged customers' stock, evidence of punishment administered brokers by Stock Exchange for failure to deliver securities on demand held immaterial.

In Error to the District Court of the United States for the Southern District of New York.

Suit by Jacob L. Fisher and another against James F. A. Clark and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

See, also, 3 F.(2d) 621.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, of counsel), for plaintiffs in error.

Guggenheimer, Untermyer & Marshall, of New York City (Clarence J. Shearn, of New York City, of counsel), for defendants in error.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. When this action was here for review on a writ of error previously sued out (Fisher v. Clark, 8 F.[2d] 588), we reviewed the facts at length and, after considering the law applicable, said:

"Since there was a valid lien, which was in no way waived, but persistently asserted, it was error for the court below to refuse to direct a verdict as requested for the plaintiffs in error."

It is now sought to support this writ upon the claim that we misconceived several important facts as proved at the former trial and urged on that appeal, and also because of some new testimony adduced at this second trial. We fully examined and had due regard for all the facts now claimed to have been misconceived when the case was here before. It is sufficient to say that counsel's earnest argument, now made, in no way adds to the force of his previous presentation. It does not persuade us to a different conclusion, even if that were open to us.

[1] The new evidence, found in this record by stipulation, imposes no new or different liability upon the defendants in error. It is now urged that Mr. Fisher read the letters wherein it was stated that the securities were free from any and all indebtedness or incumbrances, and that Mr. Clark said, in substance, "Yes; I know that." This letter, addressed to Chandler Bros., dated April 20,

1921, told them that the securities were free from indebtedness or incumbrance, and that was quite correct as between the plaintiffs in error and Chandler Bros., but it did not concern the indebtedness of Chandler Bros. to the defendants in error, or the latter's lien to secure such indebtedness. This was made as clear at the first trial. It was equally as clear that whether or not Mr. Fisher had knowledge of the lien had no effect on its validity. To support the claim of estoppel in favor of the plaintiffs in error it was necessary to show that they were misled to their prejudice, and, as we pointed out previously, no prejudice was shown.

[2, 3] The evidence as to the constitution and rules of the New York Stock Exchange in force at the time of the transactions in 1921, and the failure of the defendants in error to obtain a ruling that they were entitled to withhold delivery on demand, or to discuss the plaintiffs in error's affairs, would not change the result. There was a binding agreement on the plaintiffs in error's part to accept deferred delivery of the stock under the Delaware plan, which they repudiated after accepting $20,000 in cash and security. Any ruling of the Stock Exchange with reference to the validity of this lien would have no effect for or against the lien, or upon any estoppel that may have been created. The fact that another brokerage house may have induced the Stock Exchange to consider the failure to deliver the securities and administer punishment on Chandler Bros. would not vary the result. The damage suffered by plaintiffs in error was caused by the refusal to deliver their stock upon demand. What punishment may have been visited by the Stock Exchange is irrelevant to the issues presented in this action at law.

The new evidence does not change our conclusions previously reached, and the court below properly directed a verdict against the plaintiffs in error.

Judgment affirmed.

SWAN, Circuit Judge, concurs in result.